United States District Court
Southern District of Texas
**ENTERED**
June 03, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY LEE BARNES, | § § § § | |
| Plaintiff. | | |
| VS. | § § § § § § § § | CIVIL ACTION NO: 4:20-cv-03559 |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | | |
| Defendant. | | |

## MEMORANDUM AND OPINION

Plaintiff Jerry Lee Barnes ("Barnes") seeks judicial review of an administrative decision denying his application for disability insurance benefits under Title II and Title XVI of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Barnes and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 22 and 25. After reviewing the briefing, the record, and the applicable law, Barnes's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**.

## BACKGROUND

Barnes filed an application for disability insurance benefits under Title II and Title XVI of the Act in November 2018, alleging disability beginning on November 1, 2012. His application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Barnes was not disabled. Barnes filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id*. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id*.

## THE ALJ'S DECISION

The ALJ found at Step 1 that Barnes "has not engaged in substantial gainful activity since May 14, 2018, the amended alleged onset date." Dkt. 16-3 at 21.

The ALJ found at Step 2 that Barnes suffered from "the following severe impairments: schizoaffective disorder, posttraumatic stress disorder, and a personality disorder." *Id*. at 22.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Barnes's RFC as follows:

> [T]he the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant must avoid all exposure to unprotected heights and dangerous moving machinery. The claimant can understand, remember and carryout simple, 1-2-3 step, routine and repetitive tasks in a work environment free of fast paced production requirements. The claimant can make simple work related decisions and adapt to and manage simple changes in the work setting. The claimant can also have no more than occasional interaction with the general public.

*Id*. at 24.

At Step 4, the ALJ found that Barnes "has no past relevant work." *Id.* at 29. At Step 5, considering Barnes's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ concluded that Barnes was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* at 30. Consequently, the ALJ determined that Barnes was not disabled.

## DISCUSSION

This social security appeal raises one issue: whether the ALJ's assessment of Barnes's mental RFC is unsupported by substantial evidence if the ALJ relied on her own lay interpretation of the objective medical data to reach such finding? To answer this question, I must first determine if ALJ's assessment contains an accurate synopsis of the facts in this case.

The ALJ's decision clearly articulates that Barnes suffers from three severe mental ailments: schizoaffective disorder, posttraumatic stress disorder, and a personality disorder. Notwithstanding these ailments, the ALJ determined that Barnes can understand, remember, and carryout simple, 1-2-3 step, routine and repetitive tasks in a work environment free of fast-paced production requirements; Barnes can make simple work-related decisions and adapt to and manage simple changes in the work setting; and Barnes can have no more than occasional interaction with the general public. *See id.* at 24.

While the administrative record is filled with medical evidence substantiating Barnes's diagnoses, the administrative record contains a dearth of medical opinions addressing Barnes's occupational limitations. Specifically, the only medical opinions mentioned are those offered by the state agency psychological consultants. *See* Dkt. 16-4 at 2–15, 18–33. However, as acknowledged by the ALJ, the state agency psychological consultants did not have all the medical records submitted to the ALJ. *See* Dkt. 16-3 at 28 ("many more records have been submitted since their opinions were provided"). And, based on

4

the state agency psychological consultants' deficient medical record, the ALJ ultimately rejected their opinions. *See id.* ("the undersigned does not find the opinions persuasive"). Consequently, there are no medical opinions in the record regarding the effects that Barnes's schizoaffective disorder, posttraumatic stress disorder, and personality disorder have on his ability to work. This means, as argued by Barnes, the limitations described in the RFC are supported by nothing more than the raw medical data and the ALJ's interpretation of that data. This is error.

> As explained by one of our sister courts, the Fifth Circuit has clarified that:
>
> [A]n administrative law judge cannot determine from raw medical data effects of impairments on claimants' ability to work. Therefore, an administrative law judge usually should request a medical source statement describing types of work that an applicable is still capable of performing. Such statement should include a statement about what the applicant can still do despite his impairments based on the medical source's findings.

*Oderbert v. Barnhart*, 413 F. Supp. 2d 800, 803 (E.D. Tex. 2006) (cleaned up) (discussing *Ripley v. Chater*, 67 F.3d 522, 577 (5th Cir. 1995)). More succinctly stated, an ALJ may not rely "on her own interpretation of the medical and other evidence" in formulating the RFC. *Ramirez v. Saul*, No. 3:20-CV-3722-G-BH, 2022 WL 1308524, at *8 (N.D. Tex. Apr. 4, 2022) (collecting cases).

The only remaining question is whether Barnes has been prejudiced by the error. As explained by the *Ramirez* court, an "ALJ's failure to rely on a medical opinion regarding Plaintiff's mental RFC casts doubts as to whether substantial evidence exists to support the finding that he is not disabled." *Id.* (collecting cases). Accordingly, the error is not harmless, and remand is required on this issue. *See id.*

## CONCLUSION

For the reasons provided above, Barnes's motion for summary judgment (Dkt. 22) is **GRANTED**, and the Commissioner's motion for summary judgment (Dkt. 25) is **DENIED**.

SIGNED this 3rd day of June 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE